## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **JOHN HART,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 13-6661** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of

the Motion to Dismiss of Defendants City of Philadelphia, Louis Giorla, John Delaney, Michelle

Farrell, William Lawton, Christopher Thomas and Bruce Herdman, it is **HEREBY ORDERED**

that the Motion is **GRANTED** and Plaintiff's claims are **DISMISSED.**


BY THE COURT:


_____

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

|  |  |  |
|---|---|---|
| JOHN HART, | : | |
|                **Plaintiff,** | : | |
| | : | **Civil Action** |
|       **v.** | : | **No. 13-6661** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
|                **Defendants.** | : | |

---

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Louis Giorla, John Delaney, Michelle Farrell, William Lawton, Christopher Thomas and Bruce Herdman by and through the undersigned counsel, hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this Motion, Defendants incorporate the attached Memorandum of Law.  The Defendants respectfully request that this Court dismiss the federal-law claims asserted against it with prejudice and then remand this matter to state court.

Date:  August 8, 2014

Respectfully submitted,

 /s/  *Aaron Shotland*
Aaron Shotland, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HART, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 13-6661 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff has filed a complaint that fails to state a claim against the City of Philadelphia,
Louis Giorla, John Delaney, Michelle Farrell, William Lawton, Christopher Thomas and Bruce
Herdman under 42 U.S.C § 1983.  For the foregoing reasons the Court should dismiss Plaintiff's
Complaint.

I.      BACKGROUND

A.      Allegations in the Complaint

In his complaint, Plaintiff alleges that following his arrest on November 16, 2011, he
suffered a laundry list of depravations while in the custody of the Philadelphia Prison System,
including but not limited to being overcrowded, lacking adequate bedding, hygienic materials,
food, bathroom facilities, phones, medical attention, medicine, the law library, religious services,
social worker, gym, and an appropriate grievance procedure.  *See* Complaint ¶¶ 1-172.  He
alleges that he filed a number of grievances regarding the above referenced problems at the
prison.  *See id.* at ¶¶ 30, 31, 33, 36, 57, 59, 61, 62, 64, 66-70, 85, 89, 90, 94, 96-98 and 120.
Plaintiff further alleges that he sent correspondence to prison officials regarding the issues he

was having, specifically Louis Giorla and William Lawton.  *See id.* at ¶¶ 59, 64, 71, 92, 100, 102

and 115.

### B.      Legal Theories in the Complaint

Plaintiff alleges that the City of Philadelphia Louis Giorla, John Delaney, Michelle

Farrell, William Lawton, Christopher Thomas and Bruce Herdman are liable under 42 U.S.C. §

1983 under the First, Eighth, Ninth and Fourteenth Amendments.  *See id.* at ¶¶ 123-172.

## II. ARGUMENT

### A.  Plaintiff's Claims Against Louis Giorla, John Delaney, Michelle Farrell, William Lawton, Christopher Thomas and Bruce Herdman Should be Dismissed Because Plaintiff has Failed to Plead Any Factual Basis for Such Claims.

Plaintiff fails to assert a factual basis for a supervisory liability claim against Louis

Giorla, John Delaney, Michelle Farrell, William Lawton, Christopher Thomas and Bruce

Herdman (Collectively "Individual Defendants").  Additionally, Plaintiff has failed to show that

the Individual Defendants had any personal involvement in an alleged violation.  Vicarious

liability cannot form a basis for liability (municipal or personal) under 42 U.S.C. § 1983.  See

Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v.

Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to

§1983 claims); Eppers v. Dragovich, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996)

(defendant in civil rights claim must have "personal involvement" in alleged wrongs).

Additionally, a defendant in a civil rights action must have had some personal involvement in

committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988).

Moreover, after the Supreme Court's decision in Iqbal, 129 S.Ct. 1937, plaintiffs must plead

more than merely conclusory facts or "formulaic recitation[s] of the elements of a supervisory

liability claim" to prevail on such.  See Santiago v. Warminster Township, 629 F.3d 121, 130 (3d

Cir. 2010).   Plaintiff asserts no factual allegations against any of the Individual Defendants that would give rise to a Constitutional violation.  Therefore, because Plaintiff fails to articulate or allege any factual basis, plausible or otherwise, for his 42 U.S.C. § 1983 claim against the Individual Defendants,  Plaintiff's claims against these defendants should be dismissed.

### B. Plaintiff Offers Insufficient Allegations Regarding a Municipal Policy or Custom Against the City of Philadelphia

Plaintiff's Complaint offers insufficient allegations regarding a municipal policy or custom that was the moving force behind a Constitutional violation.  Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted).  A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiffs fail to adequately plead a municipal liability claim under § 1983 for two reasons.  First, Plaintiffs simply parrot the legal standard for municipal liability without pleading any actual facts that support their claims.  A complaint that "amount[s] to a mere recitation of the . . . elements required to bring forth a [municipal liability] claim [is] insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013).  Instead, a complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)).  While Plaintiff alleges a series of problems he had with the conditions of his confinement, he merely assumes that there is a policy

or custom within the Philadelphia Prison System that caused a violation without supporting factual allegations.  *See* Cmplt. at ¶¶ 123-172.  The Court should thus dismiss Plaintiff's § 1983 claims against the City of Philadelphia for this reason.  *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

Second, the complaint's § 1983 claims fail as a matter of law because Plaintiff has not identified a specific policymaker involved in the formation of a custom or policy.  The Third Circuit Court of Appeals has held that an individual only qualifies as a municipal policymaker if she possesses "final, unreviewable discretion to make a decision or take an action."  *See Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990).  A plaintiff seeking to bring a municipal liability claim must allege that such a policymaker was involved in the policy or custom at issue in the case.  *See Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a § 1983 municipal liability claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").  In this case, Plaintiff has failed to identify a specific policymaker, and certainly have not alleged that such a policymaker created a wrongful policy or custom.  Such a failure necessitates the dismissal of Plaintiff's § 1983 claims.  *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3

(E.D. Pa. June 2, 2014) (granting a motion to dismiss a municipal liability claim based on a complaint's failure to identify a policymaker).

## III.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' federal-law claims against the City of Philadelphia, Louis Giorla, John Delaney, Michelle Farrell, William Lawton, Christopher Thomas and Bruce Herdman

Date:  August 8, 2014                                                  Respectfully submitted,

/s/  *Aaron Shotland*
Aaron Shotland, Esq.
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN HART,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 13-6661** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendants' Motion to Dismiss was

filed via the Court's electronic filing system and is available for downloading and mailed

to the following recipients:

> JOHN HART
> Plaintiff, Pro Se
> P.O. BOX 132
> WYNNEWOOD, PA 19096

Date:  August 8, 2014                    Respectfully submitted,

                                          /s/  *Aaron Shotland*
                                          Aaron Shotland, Esq.
                                          City of Philadelphia Law Department
                                          Civil Rights Unit
                                          1515 Arch Street, 14th Floor
                                          Philadelphia, PA 19102