IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HART, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; LOUIS GIORLA; | : | |
| JOHN DELANEY; MICHELE FARRELL; | : | |
| WILLIAM LAWTON; CHRISTOPHER | : | |
| THOMAS; BRUCE HERDMAN; | : | |
| J. WILLIAMS; SHEILA BEDFORD; | : | |
| CORIZON; ARAMARK CORRECTIONAL | : | |
| SERVICES INC.; L.T. JOSEPH MURRAY; | : | |
| C.O. R. YOUNG; C.O. RONALD EURE; C.O. | : | |
| JOHN #1 DOE; C.O. N. BAPTISTE; GERALD | : | |
| MAY; C.O. HARMER; C.O. THORTON; | : | |
| WARDEN KAREN BRYANT; C.O. JOHN #2 | : | |
| DOE; SARGEANT AKHTAR; JAMES | : | |
| ARNONE; and SERGEANT GANGEMI | : | No. 13-6661 |

**NORMA L. SHAPIRO, J.**                                                                 **JANUARY 11, 2016**

## MEMORANDUM

Before the court is Defendant Sheila Bedford's Motion to Dismiss Plaintiff's Second Amended Complaint. John Hart brings this action against Bedford, an arraignment court magistrate of the Philadelphia Municipal Court.[1] Hart alleges Bedford "assigned a public defender to represent [him] at [his November 17, 2011] bail hearing after determining that [he] did not qualify [for a public defender] . . . based upon his income." Second Amended Complaint, ¶ 29. Plaintiff alleges Bedford appointed a public defender over plaintiff's request to represent

---

[1] Plaintiff brings claims against 23 other defendants in his *pro se* civil rights complaint. This opinion address only plaintiff's claims against Defendant Bedford.

1

himself and denied plaintiff allocution at the bail hearing. *Id.*, ¶ 30-31.[2] Plaintiff sues Bedford individually and in her official capacity. *Id.*, ¶ 10. Bedford is immune to suit; the court lacks jurisdiction and will grant Bedford's motion to dismiss.

The Philadelphia Municipal Court, Bedford's employer, is an entity in Pennsylvania's Unified Judicial System (UJS), 42 Pa. C.S. § 301(6), a state agency entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. *Benn v. First Jud. Dist. Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Bedford has immunity from suit under the Eleventh Amendment when sued in her official capacity; "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Bedford is also immune from suit in her official capacity because the UJS is not a "person" subject to suit under 42 U.S.C. § 1983. *Greer v. Ct. Comm. Pl. York Cnty.*, 259 F. App'x 437 (3d Cir. 2007) (*citing Will v. Mich. Dep't St. Pol.*, 491 U.S. 58, 69-70 (1989)).

Bedford is immune from suit in her individual capacity because "judicial officer[s] in the performance of [their] duties ha[ve] absolute immunity from suit and will not be liable for [their] judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (*citing Mireles v. Waco*, 502 U.S. 9, 12 (1991)). Judicial immunity is extended to "officials other than judges [whose] judgments are 'functionally comparab[le]' to those of judges . . . because they . . . 'exercise a discretionary judgment' as part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (*quoting Imbler v. Pachtman* 424 U.S. 409, 423, n.20 (1976)). Arraignment

---

[2] Plaintiff also alleges Bedford failed to respond to a letter in which he complained about his bail being reinstated on July 17, 2012, after it had been reduced and plaintiff released from custody. *Second Amended Complaint*, ¶¶ 46-47. He does not allege Bedford was involved in reinstating his bail or that she had any obligation to respond to his letter.

court magistrates, such as Bedford, are entitled to judicial immunity; they exercise discretionary judgment in "presid[ing] at preliminary arraignments, assign[ing] counsel in certain cases, issu[ing] criminal complaints, fix[ing] bail and issu[ing] arrest warrants and search and seizure warrants." 42 Pa. C.S. § 1123(5); *see also White v. Green*, No. 09-1219, 2009 WL 2412490 (E.D. Pa. Aug. 4, 2009).

Judicial "immunity is overcome in only two sets of circumstances[:] [1] actions not taken in the judge's judicial capacity [and] [2] actions, though judicial in nature, taken in the complete absence of jurisdiction." *Mireles*, 502 U.S. at 11-12. "[T]he scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "[W]here a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (*quoting Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Bedford had jurisdiction over plaintiff's bail hearing and appointing counsel. Deciding whom to allow to speak are actions typically performed at such hearings. Bedford is immune regardless of whether she erred in such actions.

Because Bedford has immunity to suit individually and in her official capacity, the court will grant her motion to dismiss. An appropriate order follows.