# IN THE UNITED STATES DISTIRCT COURT
## FOR THE EASTERN DISTICT OF PENNSYLVANIA

No. 13-6661

**JOHN HART,**

*Plaintiff*

v.

**CITY OF PHILADELPHIA, ET. AL.,**

*Defendants*

**FILED**

MAR 1 8 2016

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ANSWER TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**John Hart
I.D.# 1115334
7901 State Road
Philadelphia, PA 19136
(215) 260-7046
Pro Se Plaintiff**

**DATED: March 18, 2016**

## ANSWER TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

On January 25, 2016, Defendants City of Philadelphia, Louis Giorla, Karen Bryant, John Delaney, William Lawton, Michele Farrell, Christopher Thomas, Bruce Herdman, Jheovannie Williams, Sohail Ahktar, Natalia Baptiste, Ronald Eure, Ramel Young, Deidra Thornton, Gerald May, Joseph Murray, Charles Harmer, and Annceleste Gangemi, filed a motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite City counsel's representation in his certificate of service that the motion was mailed to Plaintiff on the day that it was filed, the motion was not mailed to Plaintiff until January 27, 2016, two (2) days after the motion was filed. See Exhibit "A". Plaintiff did not receive this motion in the institutional mail until January 29, 2016. For that reason, on February 8, 2016, Plaintiff filed an extension of time to file his answer to the motion to dismiss.

For all of the reasons set forth in Plaintiff's attached Memorandum of Law, Plaintiff respectfully submits that this Court should dismiss Moving Defendants' motion to dismiss, finding that Plaintiff's Second Amended Complaint either sets forth facts upon which relief can be granted, or in the alternative, that Moving Defendants waived this 12(b)(6) defense pursuant to Federal Rule of Civil Procedure 12(g)(2), since this defense should have been included in Moving Defendants' motion to strike that was filed with the Court on October 29, 2015.

Respectfully Submitted,

Date: 3/18/2016

John Hart
Pro Se Plaintiff

# MEMORANDUM OF LAW IN SUPPORT OF ANSWER TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, John Hart, hereby moves this Honorable Court to deny the motion to dismiss filed by Defendants City of Philadelphia, Louis Giorla, Karen Bryant, John Delaney, William Lawton, Michele Farrell, Christopher Thomas, Bruce Herdman, Jheovannie Williams, Sohail Ahktar, Natalia Baptiste, Ronald Eure, Ramel Young, Deidra Thornton, Gerald May, Joseph Murray, Charles Harmer, and Annceleste Gangemi ("Moving Defendants"):

## I.   MATTER BEFORE THE COURT

Plaintiff's answer to Moving Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   STATEMENT OF MATERIAL FACTS

On February 16, 2015, Plaintiff filed his First Amended Complaint with this Court in which he set forth several claims against the Moving Defendants. Thereafter, on August 14, 2015, Moving Defendants filed a Motion to Strike Plaintiff's First Amended Complaint, which was granted by the Court on September 10, 2015. Thereafter, on October 12, 2015, Plaintiff filed his Second Amended Complaint with the Court.

On October 29, 2015, Moving Defendants filed a motion to strike Plaintiff's Second Amended Complaint, to which Plaintiff filed a response on December 7, 2015. On January 4, 2016, this Court denied Moving Defendants' Motion to Strike, and ordered Moving Defendants to respond to Plaintiff's Second Amended Complaint no later than January 25, 2016. Rather than respond to Plaintiff's Second Amended Complaint, Moving Defendants instead filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite City counsel's representation in his certificate of service that the motion was mailed to Plaintiff on the day that it was filed, the motion was not mailed to Plaintiff until January 27, 2016, two (2) days after the

motion was filed. See Exhibit "A". Plaintiff did not receive this motion in the institutional mail until January 29, 2016. For that reason, on February 8, 2016, Plaintiff filed an extension of time to file his answer to the motion to dismiss.

Because Moving Defendants failed to include their 12(b)(6) defense as part of their motion to strike that was filed with the Court on October 29, 2015, Plaintiff submits that this defense should be waived pursuant to Federal Rule of Civil Procedure 12(g)(2). However, if this Court finds that Moving Defendants' 12(b)(6) motion is not waived, then the motion should be denied, as Plaintiff has clearly set forth facts upon which relief can be granted in his Second Amended Complaint.

## III. ARGUMENT

### I. Legal Standard

When reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept all factual allegations contained in the complaint as true, and must construe the complaint in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A dismissal under Fed.R.Civ.P. 12(b)(6) will be granted only when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Thomas v. St. Mary Med. Ctr., 2014 U.S. Dist. LEXIS 71841 (E.D. Pa. May 23, 2014); Yang v. State Farm Mut. Auto. Ins. Co., 2013 U.S. Dist. LEXIS 166194 (E.D. Pa. November 21, 2013).

Pleadings need not allege specific facts to survive a 12(b)(6) motion to dismiss unless they are required to do so by Fed.R.Civ.P. 9(b). Kane v. Chester County Dep't of Children Youth & Families, 2014 U.S. Dist. LEXIS 44930, 9-10 (E.D. Pa. Mar. 31, 2014). A complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the

claim showing that the pleader is entitled to relief," needing only enough facts to state a claim to relief that is plausible on its face. Id. citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

## II. Plaintiff Has Sufficiently Pled Constitutional Violations Against Moving Defendants In His Second Amended Complaint

### a. Plaintiff has stated a claim against the City of Philadelphia

In Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 695 (1978), the Supreme Court held that a municipality may be held liable under 42 U.S.C. § 1983 for a constitutional injury that directly resulted from a municipality's policy, custom, or practice. Accordingly, a Monell claim seeks to impose municipal liability for a constitutional injury that was causally connected to a municipal policy or practice. Id.; see also Carreno v. City of Newark, 834 F. Supp. 2d 217, 231 (D. N.J. 2011). "Under Monell, a municipality cannot be subjected to liability solely because injuries were inflicted by its agents or employees." Jiminez v. All American Rathskeller, Inc. 503 F. 3d 247, 249 (3d Cir. 2007). Instead, "it is when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under 1983." Id. quoting Monell, *supra* at 694.

Guided by these threshold principles, the Third Circuit Court of Appeals has explained:

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under 1983. The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. Natale v. Camden Cnty Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003).

Under Monell, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies." Meyers v. Schuylkill Co. Prison, 2006 U.S. Dist. LEXIS 12564, 2006 WL 559467, *9; Kokinda v. Breiner, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008). The City of Philadelphia is a local government unit, and Defendants Louis Giorla, Karen Bryant, John Delaney, William Lawton, Michele Farrell, Christopher Thomas, Bruce Herdman, Jheovannie Williams, Sohail Ahktar, Natalia Baptiste, Ronald Eure, Ramel Young, Deidra Thornton, Gerald May, Joseph Murray, Charles Harmer, and Annceleste Gangemi have been sued in their official capacity. Therefore, the standards annunciated in Monell apply to all Moving Defendants. See Malles v. Lehigh County, 639 F. Supp. 2d 566, 2009 WL 2258623, *7 (E.D. Pa. 2009); Patterson v. City of Philadelphia, 2009 U.S. Dist. LEXIS 31967, 2009 WL 1259968, * 9.

According to the teaching of Monell, the City of Philadelphia, and the other defendants in this case, "can be sued directly under 1983…[when] the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by [the City of Philadelphia's] officers" or where the constitutional deprivations occurred pursuant to a governmental custom. Monell, *supra* at 690. Therefore, Plaintiff can demonstrate a municipal liability claim under Monell against the City of Philadelphia and the other defendants with respect to his stated constitutional claim under the Fourteenth Amendment.

Municipal liability "must be founded upon evidence that the government unit itself supported a violation of constitutional rights." Patterson, *supra*. Plaintiff alleges that the City of Philadelphia employs policies, customs, or procedures that violated his constitutional rights, and that the other Moving Defendants are the individuals who either carried out these policies, failed to implement policies to protect Plaintiff against the violation of his constitutional and due

process rights, or were deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶¶ 94, 95) Therefore, Plaintiff adequately alleges that the City of Philadelphia and the other Moving Defendants violated his constitutional rights.

Counsel for Moving Defendants argues that the City of Philadelphia should be dismissed from the case for two (2) reasons. Counsel first argues that Plaintiff sets forth a series of conclusory allegations against the City of Philadelphia, and that Plaintiff must include specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom. However, such argument contradicts the purpose of Federal Rule of Civil Procedure 8(a)(2), and belies counsel's previous argument made in his October 29, 2015 motion to strike Plaintiff's Second Amended Complaint, in which counsel claimed that Plaintiff included too many specific factual allegations in his averments that it would be unfairly burdensome to require Moving Defendants to respond.

Contrary to counsel's contention, a plaintiff in such cases "is [not] obligated to plead with special particularity the exact policies and practices that were in place, prior to taking any discovery into [the alleged] policies, and explain exactly how these precisely alleged policies caused or contributed to [plaintiff's] injuries." See Dix v. City of Philadelphia, 2015 U.S. Dist. LEXIS 101457 (E.D. Pa. 2015) quoting Kenney v. Montgomery Cnty., 2013 U.S. Dist. LEXIS 137222, 2013 WL 5356862, at *7 (E.D. Pa. 2013); see also Ramos-Vazquez v. PrimeCare Medical, Inc., 2010 U.S. Dist. LEXIS 105867, 2010 WL 3855546, at *9 (E.D. Pa. Sept. 30, 2010) (Even though the plaintiff's allegations were "'conclusory' in the sense that it is reasonable for Plaintiff to conclude that the actions he complains of were undertaken pursuant to some policy," the Court held, "[a]t [the motion to dismiss] stage, Plaintiff cannot be expected to

specify and articulate which policy, procedure or custom resulted in these actions; nor should he be expected to know which entity formulated each policy."). Furthermore, a "[plaintiff] cannot...prove such a pattern without a sufficient period of discovery to adduce this evidence." See Ford v. City of Philadelphia, 2012 U.S. Dist. LEXIS 102930, 2012 WL 3030161, at *7 (E.D. Pa. 2012); see also Keahey v. Bethel Twp., 2012 U.S. Dist. LEXIS 18974, 2012 WL 478936, at *10 (E.D. Pa. 2012) (declining to dismiss plaintiff's claim that "the Township failed to 'properly train, supervise and discipline' its police officers, thereby causing the alleged deprivation of his constitutional rights" because plaintiff had not yet had the opportunity to conduct discovery to determine whether there was a pattern of similar constitutional violations).

After this Court denied Moving Defendants' motion to strike and required them to file a response to Plaintiff's Second Amended Complaint no later than January 25, 2016, counsel now contends that Plaintiff did not include enough factual allegations in his averments which warrants that the City of Philadelphia be dismissed from the case. However, the amount of factual information provided by Plaintiff in his Second Amended Complaint complies with Federal Rule of Civil Procedure 8(a)(2), and therefore, counsel's first argument as to why the City of Philadelphia should be dismissed from the case must fail as a matter of law.

Second, counsel argues that because Plaintiff doesn't identify a municipal policymaker involved in the formation of any custom or policy, the City of Philadelphia should be dismissed from the case. In adjudicating Monell claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." Mulholland v. County of Berks, 706 F.3d 227, 237 (3d Cir. 2013). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or

edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." Id.

Here, Plaintiff sets forth customs and practices of the City of Philadelphia that are so permanent and well-settled as to virtually constitute law. (Second Amended Complaint, ¶¶ 94) In fact, the City of Philadelphia has had many of the same customs and practices in place for the past forty-five (45) years which have violated inmates' constitutional and due process rights. See Jackson v. Hendricks, 503 A.2d 400 (Pa. 1986) (tracing the history of the prisoners' action starting in 1971); see also Harris v. City of Philadelphia, 2000 U.S. Dist. LEXIS 12579 (E.D. Pa. Aug.30, 2000); Bowers v. City of Philadelphia, 2007 U.S. Dist. LEXIS 5804 (E.D. Pa. Jan. 25, 2007); Williams v. City of Philadelphia, 2011 U.S. Dist. LEXIS 87467 (E.D. Pa. Aug.7, 2011). At this state of the litigation, Plaintiff is unaware of any specific decisionmaker involved in implementing the polices set forth in Plaintiff's Second Amended Complaint, and is proceeding on the grounds that the customs and practices of the City of Philadelphia are so permanent and well-settled as to virtually constitute law. Accordingly, Plaintiff has pled sufficient facts to sustain a 1983 claim against the City of Philadelphia, and therefore, the City of Philadelphia should not be dismissed from this action.

### b. Plaintiff has stated a claim against Defendants Delaney and Herdman

Counsel asserts that Plaintiff failed to state a claim against Defendants Delaney and Herdman because Plaintiff's Second Amended Complaint does not aver that either of these Moving Defendants had any personal involvement in any of the wrongs giving rise to the case. However, Plaintiff set forth at length in his Second Amended Complaint the customs, policies, or practices of the City of Philadelphia which violated his constitutional rights, and set forth that Delaney and Herdman were two of the Moving Defendants who either carried out these customs,

policies, or practices, failed to protect Plaintiff against the violation of his constitutional and due process rights, or were deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶¶ 94, 95) Plaintiff further set forth the actions of Defendant Herdman which denied Plaintiff appropriate medical care for cost-saving reasons pursuant to a policy of the City of Philadelphia and Corizon Health, Inc., thereby violating Plaintiff's constitutional rights. (Second Amended Complaint, ¶¶ 97, 98, 99) Therefore, Delaney and Herdman should not be dismissed from this action.

### c. Plaintiff has stated a claim against Defendants Giorla, Farrell, and Lawton

Counsel maintains that Plaintiff's allegations with respect to Defendants Giorla, Farrell, and Lawton are limited to their denials of, or failures to respond to, his grievances and appeals, and therefore, counsel avers that Plaintiff has failed to state a claim against each of them. However, a review of Plaintiff's Second Amended Complaint reveals that counsel's interpretation is inaccurate.

Plaintiff set forth at length in his Second Amended Complaint the customs, policies, or practices of the City of Philadelphia which violated his constitutional rights, and set forth that Giorla, Farrell, and Lawton either carried out these customs, policies, or practices, failed to implement policies to protect Plaintiff against the violation of his constitutional and due process rights, or were deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶¶ 94, 95) These defendants were all aware or should have been aware of the violations of Plaintiff's constitutional rights, either through the grievance process or through the appeal process of the misconducts, but took no action in response and allowed these violations to continue. Accordingly, Plaintiff has sufficiently pled

facts which demonstrate that Giorla, Farrell, and Lawton caused Plaintiff harm, and therefore, they should not be dismissed from this action.

**d. Plaintiff's claims involving the issuance of false misconducts should not be dismissed because Plaintiff was deprived of the requisite due process under the Constitution**

Counsel contends that Plaintiff did not allege that the process afforded to him at his disciplinary hearings was inadequate, and therefore, Plaintiff's claims involving the false misconducts should be dismissed. However, counsel's reading of Plaintiff's Second Amended Complaint is incorrect.

Initially, it should be noted that in Plaintiff's First Amended Complaint filed on February 16, 2015, Plaintiff set forth the custom, policy, or practice of the City of Philadelphia, carried out by the Moving Defendants, of punishing inmates by subjecting them to disciplinary detention without due process of law, and adjudicating inmates guilty of at least one rule infraction in order to justify subjecting the inmates in pre-hearing segregation to the same conditions as those inmates in disciplinary detention. (First Amended Complaint, ¶¶ 261, 262, 263) However, on August 14, 2015, counsel for Moving Defendants filed a motion to strike claiming that the allegations in Plaintiff's First Amended Complaint were so long and detailed that it would be unfairly burdensome to require Moving Defendants to respond. This Court agreed and struck Plaintiff's First Amended Complaint, so Plaintiff filed his Second Amended Complaint on October 12, 2015 in which Plaintiff concisely set forth that the City of Philadelphia has a custom, policy, or practice of conducting disciplinary hearing against inmates and subjecting inmates to punitive segregation without due process of law. (Second Amended Complaint, ¶ 94(l))

Plaintiff further set forth how the misconducts that he received were in retaliation for Plaintiff reporting violations of the rules and regulations of the Philadelphia Prison System, for

asserting his constitutional and due process rights through the grievance process, and for filing a lawsuit against employees of the Philadelphia Prison System, and that the City of Philadelphia has a custom, policy, or practice of retaliating against inmates who exercise these rights. (Second Amended Complaint, ¶¶ 54-89, 94(p)) Plaintiff also set forth that the Moving Defendants, including Baptiste, Gangemi, Thornton, Williams, Akhtar, Thomas, May, Lawton, Bryant, Harmer, Hearing Examiner John Doe #1, and Hearing Examiner John Doe # 2, either carried out this custom, policy, or practice, failed to protect Plaintiff against the violation of his constitutional and due process rights, or were deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶ 95) Inexplicably, counsel for Moving Defendants filed a motion to strike Plaintiff's Second Amended Complaint on October 29, 2015 claiming that Plaintiff's averments were so long and detailed that it would be unfairly burdensome to require Moving Defendants to respond, but now contends in the motion to dismiss that Plaintiff did not include enough factual allegations in the averments to state a claim for relief on this issue.

Contrary to counsel's claims, Plaintiff does not merely complain in his Second Amended Complaint about the disposition of the misconduct hearings that he received, but rather, Plaintiff avers that his due process rights were violated throughout the misconduct process, starting with the reasons why the misconducts were initially issued to him. (Second Amended Complaint, ¶¶ 54-89, 94(l), 94(p), 95) Moreover, Moving Defendants have been adequately put on notice that Plaintiff's constitutional rights were violated throughout the misconduct process, as Plaintiff presented this issue in both his First Amended Complaint and Second Amended Complaint. Accordingly, these claims should not be dismissed.

**e. Plaintiff has stated a claim against Defendants May and Murray**

Counsel contends that Plaintiff's only claim against Murray is that Murray ransacked Plaintiff's cell and destroyed his property at the direction of May, served Plaintiff with a misconduct, and escorted Plaintiff to punitive segregation. Counsel further argues that Plaintiff's only claim against May is that May directed Murray to engage in these actions against Plaintiff and was involved in directing Plaintiff's transfer to CFCF. However, counsel's conclusions are simply incorrect.

Plaintiff contends that Defendant Christopher Thomas, the director of the records room at CFCF (otherwise known as "CMR"), received a subpoena from Plaintiff which Thomas maliciously and falsely claimed was fraudulent. (Second Amended Complaint, ¶ 74) Plaintiff avers that Thomas then instructed May to issue a misconduct for sending a "counterfeit subpoena" so that Plaintiff would be sent to punitive segregation. (Second Amended Complaint, ¶ 74) Plaintiff alleges that May then told Murray to write the misconduct, serve Plaintiff with the misconduct, ransack Plaintiff's cell and destroy Plaintiff's property, and place Plaintiff in punitive segregation. (Second Amended Complaint, ¶ 75) Plaintiff maintains that all of this was done in retaliation for Plaintiff naming Thomas as a defendant in this lawsuit. (Second Amended Complaint, ¶ 76) Plaintiff further argues that on October 16, 2014, he was transferred to CFCF at the direction of Thomas, May, and Bryant so that he could be more stringently monitored and be limited in his access to various services and programs, all of which was done in retaliation for this lawsuit that Plaintiff filed. (Second Amended Complaint, ¶ 83)

Counsel for Moving Defendants seems to disregard all of these facts. Counsel references case law on unreasonable cells searches, and case law on transfers to punitive segregation or other institutions, all in an effort to obfuscate from the fact that none of these defendants had the

right or authority to retaliate against Plaintiff by placing him in punitive segregation under the false pretense that he had issued a fraudulent subpoena when in fact the subpoena was not fraudulent. Clearly, the actions of these defendants violated Plaintiff's constitutional rights.

Not only did Moving Defendants fail to adhere to this lawfully issued subpoena, but they also failed to comply with Plaintiff's court-ordered access to the law library and retaliated against Plaintiff for both issuing this subpoena and for obtaining this court order. (Second Amended Complaint, ¶ 65) Plaintiff avers that the City of Philadelphia has a custom, policy, or practice of failing to adhere to court orders and subpoenas, and that Moving Defendants, including May and Murray, either carried out this custom, policy, or practice, failed to protect Plaintiff against the violation of his constitutional and due process rights, or were deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶ 94(m), 95) Accordingly, Plaintiff's claims against May and Murray should not be dismissed.

**f. Plaintiff's claim regarding the destruction of his legal work should not be dismissed**

In his Second Amended Complaint, Plaintiff sets forth how Defendants Young, Eure, and Akhtar destroyed his legal work. Incredibly, counsel contends that these claims are entirely conclusory and should have stated the type of legal work that was destroyed, the amount of legal work that was destroyed, or the way in which the legal work was destroyed. However, this argument contradicts the purpose of Federal Rule of Civil Procedure 8(a)(2), and belies counsel's previous argument made in his October 29, 2015 motion to strike Plaintiff's Second Amended Complaint, in which counsel claimed that Plaintiff included too many specific factual allegations in his averments that it would be unfairly burdensome to require Moving Defendants to respond.

The amount of factual information provided by Plaintiff in his Second Amended Complaint is sufficient to state a claim for relief against Young, Eure, and Akhtar. Therefore, Plaintiff's claims as to each of these defendants should not be dismissed.

## g. Plaintiff's claims of retaliation should not be dismissed

Equally unfounded is counsel's contention that Plaintiff's retaliation claims must fail because Plaintiff does not specifically allege that Moving Defendants were actually aware of the constitutionally protected activity of which Plaintiff complains. Plaintiff set forth at length in his Second Amended Complaint the link between his constitutionally protected activities and the retaliatory conduct. (Second Amended Complaint, ¶¶ 54-89) Plaintiff also set forth that the City of Philadelphia has a custom, policy, or practice of retaliating against inmates who report violations of the rules and regulations of the Philadelphia Prison System, who assert their constitutional and due process rights through the grievance process, and who file lawsuits against employees of the Philadelphia Prison System, and that the Moving Defendants either carried out these customs, policies, or practices, failed to implement policies to protect Plaintiff against the violation of his constitutional and due process rights, or were deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶¶ 94(p), 95)

While counsel concludes that Plaintiff's retaliation claims must fail absent great specificity, this argument contradicts the purpose of Federal Rule of Civil Procedure 8(a)(2), and belies counsel's previous argument made in his October 29, 2015 motion to strike Plaintiff's Second Amended Complaint, in which counsel claimed that Plaintiff included too many specific factual allegations in his averments that it would be unfairly burdensome to require Moving Defendants to respond. The amount of factual information provided by Plaintiff in his Second

Amended Complaint is sufficient to state a claim for relief on his allegations of retaliation. Therefore, Plaintiff's retaliation claims should not be dismissed.

**h. Plaintiff has stated a claim against Defendant Thomas, Williams, Bryant and Harmer**

Counsel endeavors to misconstrue Plaintiff's allegations against Defendants Thomas, Williams, Bryant, and Harmer in hopes that this Court will believe that Plaintiff has not set forth actionable claims for relief against these defendants in his Second Amended Complaint. However, counsel's representations are incorrect.

With respect to Thomas, Plaintiff contends that Thomas received a subpoena from Plaintiff which Thomas maliciously and falsely claimed was fraudulent. (Second Amended Complaint, ¶ 74) Plaintiff avers that Thomas then instructed May to issue Plaintiff a misconduct for sending a "counterfeit subpoena" so that Plaintiff would be sent to punitive segregation. (Second Amended Complaint, ¶ 74) Plaintiff alleges that all of this was done in retaliation for Plaintiff naming Thomas as a defendant in this lawsuit. (Second Amended Complaint, ¶ 76)

With respect to Williams, counsel argues that Plaintiff failed to allege that he was actually terminated from his position at the law library as a result of Williams' retaliatory conduct. However, Plaintiff set forth in his First Amended Complaint that he was fired from his position at the law library based upon Williams' actions. (First Amended Complaint, ¶ 132) On August 14, 2015, counsel for Moving Defendants filed a motion to strike claiming that the allegations in Plaintiff's First Amended Complaint were so long and detailed that it would be unfairly burdensome to require Moving Defendants to respond. This Court agreed and struck Plaintiff's First Amended Complaint, so Plaintiff filed his Second Amended Complaint on October 12, 2015 in which Plaintiff concisely set forth the retaliation that he experienced as a result of Williams' conduct, and attached the grievances which detailed this retaliation to his

Second Amended Complaint as Exhibit "Q". (Second Amended Complaint, ¶ 56) Therefore, Moving Defendants have been adequately put on notice that Plaintiff was banned from the law library due to Williams' conduct in both Plaintiff's First Amended Complaint and Second Amended Complaint. Accordingly, Plaintiff has stated a claim against Williams as well.

With respect to Harmer, Plaintiff set forth that Harmer adjudicated Plaintiff's disciplinary hearings without affording Plaintiff due process of law. (Second Amended Complaint, ¶¶ 77, 81) In addition, Plaintiff set forth that the City of Philadelphia has a custom, policy, or practice of conducting disciplinary hearings against inmates and subjecting inmates to punitive segregation without due process of law, and that Harmer either carried out this custom, policy, or practice, failed to protect Plaintiff against the violation of his constitutional and due process rights, or was deliberately indifferent to the violation of Plaintiff's constitutional and due process rights. (Second Amended Complaint, ¶¶ 94(l), 95) Therefore, Plaintiff has stated a claim against Harmer.

Finally, with respect to Bryant, Plaintiff contends that Bryant was put on notice that the subpoena which Plaintiff sent to Thomas was not counterfeit, and that Plaintiff was sent to punitive segregation under false pretenses. (Second Amended Complaint, ¶ 76) However, Bryant failed to protect Plaintiff against the violation of his constitutional and due process rights once she became aware that the subpoena was not counterfeit, or was deliberately indifferent to the violation of Plaintiff's constitutional and due process rights after she learned that the subpoena was not fraudulent. (Second Amended Complaint, ¶¶ 78, 95) Plaintiff also contends that Bryant was put on notice that he was being improperly held in punitive segregation, but kept Plaintiff in punitive segregation in retaliation and to punish Plaintiff for the lawsuit that he filed. (Second Amended Complaint, ¶¶ 81, 82) Also, Plaintiff alleges that on October 16, 2014, he was

transferred to CFCF at the direction of Thomas, May, and Bryant so that he could be more stringently monitored and be limited in his access to various services and programs, all of which was done in retaliation for this lawsuit that Plaintiff filed. (Second Amended Complaint, ¶ 83) Therefore, Plaintiff has stated a claim against Bryant as well.

Because Plaintiff has stated claims for relief against Defendants Thomas, Williams, Bryant, and Harmer, these defendants should not be dismissed from the lawsuit.

### i. Moving Defendants do not have qualified immunity

Counsel argues that the allegations set forth in Plaintiff's Second Amended Complaint involve a series of routine actions which no reasonable person would understand to be a violation of an inmate's constitutional rights. Counsel's contention is simply wrong as a matter of law.

Government actors are immune from liability where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 69-70 (3d Cir. 2011) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The doctrine "seeks to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." United States v. Lanier, 520 U.S. 259, 270-271 (1997).

None of the allegations set forth in Plaintiff's Second Amended Complaint involve any "routine actions" on the part of prison officials. Even a cursory review of Plaintiff's Second Amended Complaint demonstrates that the prison officials were not simply exercising their job duties in the ordinary course of business. These Moving Defendants were either aware or should

have been aware that their actions violated Plaintiff's constitutional rights. Therefore, none of the Moving Defendants are entitled to qualified immunity.

### III. Moving Defendants Waived Any Defense Pursuant to Federal Rule of Civil Procedure 12(g)(2)

On October 12, 2015, Plaintiff filed his Second Amended Complaint with the Court. On October 29, 2015, Moving Defendants filed a motion to strike Plaintiff's Second Amended Complaint, to which Plaintiff filed a response on December 7, 2015. On January 4, 2016, this Court denied Moving Defendants' Motion to Strike, and ordered Moving Defendants to respond to Plaintiff's Second Amended Complaint no later than January 25, 2016. Rather than respond to Plaintiff's Second Amended Complaint, Moving Defendants instead filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because Moving Defendants failed to include their 12(b)(6) defense as part of their motion to strike that was filed with the Court on October 29, 2015, Plaintiff submits that this defense should be waived pursuant to Federal Rule of Civil Procedure 12(g)(2).

### IV. CONCLUSION

For all of the foregoing reasons, Plaintiff hereby requests that this Court deny Moving Defendants' Motion to Dismiss the Second Amended Complaint. In the alternative, Plaintiff should be permitted to file an amended complaint with respect to the allegations against the Moving Defendants.

Respectfully Submitted,

Date: ___3\18\2016___          ___John Hart___
                               John Hart
                               Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, John Hart, hereby certify that, on the below date, I caused to be served upon all counsel

of record a true and correct copy of the forgoing Answer to Motion to Dismiss filed by

Defendants City of Philadelphia, Louis Giorla, Karen Bryant, John Delaney, William Lawton,

Michele Farrell, Christopher Thomas, Bruce Herdman, Jheovannie Williams, Sohail Ahktar,

Natalia Baptiste, Ronald Eure, Ramel Young, Deidra Thornton, Gerald May, Joseph Murray,

Charles Harmer, and Annceleste Gangemi via this Court's Electronic Filing System.


Date: __3|18|2016__                          __John Hart__
                                              John Hart

# EXHIBIT A



CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Jonathan Cooper
Assistant City Solicitor
Civil Rights Unit
14th Floor
215-683-5448
215-683-5397 (fax)
jonathan.cooper@phila.gov

January 27, 2016

**VIA CERTIFIED MAIL**
John Hart
1115334
Curran-Fromhold Correctional Facility
7901 State Road
Philadelphia, PA 19136
Plaintiff *Pro Se*

      **Re:   HART v. CITY OF PHILADELPHIA, et al.**
              **Civ. No.: 13-6661**

Dear Mr. Hart:

     In connection with the above-referenced matter, enclosed is the Motion to Dismiss your Second Amended Complaint on behalf of certain of the named defendants. This Motion has also been filed with the Court via the Court's electronic filing system.

     Please feel free to contact me if you have any questions.

                          Very truly yours,

                          Jon Cooper,
                          Assistant City Solicitor