IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HART | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 13-cv-6661 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                                                                                       August 14, 2017

*Pro se* plaintiff John Hart brings this action under 42 U.S.C. §1983. He alleges violations of his constitutional rights while incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia. Presently before the Court is the motion to dismiss for failure to state a claim by defendant Aramark Correctional Services, Inc. ("Aramark"), a private company hired by the Philadelphia Prison System ("PPS") to provide food to its inmates. For the reasons that follow, the motion is granted.

In his Second Amended Complaint, plaintiff alleges that Aramark was a "food service provider for the Philadelphia Prison System." [ECF 52, ¶ 12.] Plaintiff alleges that in December of 2011, due to the "lack of food provided" by Aramark, he submitted sick call slips to co-defendant, Corizon Health, Inc. (*Id.*, ¶ 35.) Plaintiff submitted a grievance on June 12, 2012 claiming that the PPS and Aramark "were not complying with its approved inmate menu for cost-saving reasons in order to increase its profit margin by underfeeding and providing a nutritionally deficient diet to inmates...thereby placing [plaintiff's] health in jeopardy. (*Id.*, ¶ 44.) Plaintiff also submitted a grievance on January 30, 2013 claiming that the PPS and Aramark were underfeeding him and providing him with a nutritionally inadequate diet and

1

that as a result he was forced to spend money on commissary in order to meet his nutritional needs. (*Id.*, ¶ 50.)

Plaintiff alleges that "Aramark does not comply with its own menu for cost-saving reasons in order to increase its profit margin by failing to provide inmates with many items listed on its menu, by providing smaller portion sizes of food to inmates than what is listed on its menu, and by providing different and cheaper food items to inmates than what is listed on its menu ..." (*Id.,* ¶ 101.) Plaintiff alleges that Aramark "conceals any health code violations and provides more food to the inmate population on days when outside inspectors visit the Philadelphia Prison System to examine the quality of food served to inmates." (*Id.*, ¶ 102.)

Plaintiff alleges that "Aramark has a custom, policy, or practice of failing to provide inmates with adequate amounts of food and nutrition by cutting costs for food services in order to increase its profit margin ..." (*Id.*, ¶ 103.) Plaintiff further alleges that Aramark has acted with "reckless disregard" and was "deliberately indifferent to Plaintiff s health, safety, and need for adequate nutrition ..." (*Id.*, ¶¶ 104,105.) Plaintiff further alleges that as a result of being "underfed and provided a nutritionally deficient diet" he "suffered significant health problems, and suffered severe physical and emotional harm." (*Id.*, ¶ 106.) Although plaintiff does not allege exactly what significant health problems he suffered, one of the sick call requests he attached to the second amended complaint states that he passed out on two occasions and experienced lightheadedness, hunger, dizziness, and severe stomach pain. [ECF 52, Ex. C.]

To survive a motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id*. Where, as here, the plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under section 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

In order for a private company such as Aramark to be liable under 42 U.S.C. § 1983, Aramark must have known of and "acquiesced in the deprivation of plaintiffs' rights." *Miller v.* Hoffman, 1998 WL 404034, at *5 (E.D. Pa. July 7, 1998). To meet this burden, plaintiff must allege that Aramark "established and maintained a policy, practice or custom which directly caused [his] constitutional harm" with "deliberate indifference to the consequences." *Id*.

Plaintiff alleges that "Aramark has a custom, policy, or practice of failing to provide inmates with adequate amounts of food and nutrition by cutting costs for food services in order to increase its profit margin ..." See [ECF 52, ¶103.]

**3**

However, to state a claim challenging conditions of confinement, an inmate must allege facts that would, if proven, establish that both the deprivation was objectively serious and that a prison or other official had a sufficiently culpable state of mind, that is, acted with deliberate indifference. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Furthermore, in this case, Plaintiff would have to prove that Aramark was acting in concert with a prison or other officials.

Whether the harm is objectively serious is measured by society's view of the risk, that is, "whether 'it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 257 (3d Cir. 2010) (emphasis omitted) (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). Restrictive or harsh conditions are part of prison life. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Only conditions that deprive the prisoner of one of life's necessities, such as essential food, water, clothing, shelter, sanitation and medical care are unconstitutional. *Griffin v. Vaughn,* 112 F.3d 703, 709 (3d Cir. 1997). Thus, unless the condition is objectively serious, there is no unconstitutional deprivation.

A prisoner must also allege facts, not conclusions, showing that a prison official acted with deliberate indifference to his health or safety. *Beers-Capitol,* 256 F.3d at 125. The prison official must actually have known or been aware that the condition created an excessive risk to the prisoner's health or safety. *Id.* Actual, not constructive, knowledge is required. A prison official can only be liable under the Eighth Amendment if he "knows of and disregards an excessive risk to inmate health or safety." (*Id.* at 131)

(quoting *Farmer*, 511 U.S. at 837). It is not enough that he should have known. (*Id.* at 133.)

Although plaintiff alleges that he is not receiving the precise diet ordered by the PPS, he does not allege that he is not being fed. Indeed, plaintiff fails to make any allegations at all regarding exactly what he was fed other than to state that the portions were smaller than what was listed on the menu. In addition, while plaintiff alleges that the food provided was different and cheaper than the food on the menus, he does not specifically allege how the meals deviated from the menu. Nor does plaintiff specify the dates and duration of the allegedly nutritionally inadequate meals. Further, there are no allegations that Aramark was working with any prison officials to commit the alleged harm.

Even if plaintiff had adequately alleged an objective serious violation, he has failed to allege that any Aramark official acted with deliberate indifference to his needs and safety. Plaintiff only alleges that he submitted two grievances to the prison regarding the alleged inadequate nutrition, Plaintiff does not allege that Aramark was ever made aware of these two grievances. There are no facts showing that Aramark acted with deliberate indifference in enacting, a policy, practice or custom of providing nutritionally inadequate meals.

The Court further finds that any more opportunities to amend would be futile. Plaintiff has already twice amended his complaint and had a full opportunity in his reply brief to the motion to dismiss to fully detail the alleged improper diet and inadequate nutrition provided by Aramark.

Plaintiff has also asserted a state-law claim against Aramark for negligence. Plaintiff claims Aramark was negligent in failing to provide a proper diet and adequate nutrition. [ECF 52, ¶¶ 110-113.]

Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Stated otherwise, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court. See 28 U.S.C. § 1367. When "the district court has dismissed all claims over which it has original jurisdiction," the district court has the express authority to decline to exercise supplemental jurisdiction over any related state law claims. 28 U.S.C. § 1367(c)(3). See also *Growth Horizons, Inc. v. Del. County, Pa.*, 983 F.2d 1277, 1285 (3d Cir.1993); *Greenwood Partners, L.P. v. Cimnet, Inc.*, No. 201CV06624LDD, 2003 WL 22238981, at *4 (E.D. Pa. Sept. 2003)("a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction"). Here, Plaintiff's Section 1983 claim was the sole basis of the Court's original jurisdiction over Aramark. For reasons already discussed, the Section 1983 claim fails as a matter of law. As a result, the Court is well within its right to refuse to exercise supplemental jurisdiction over Plaintiff's remaining state law claim against Aramark. Plaintiff's negligence claim against Aramark, therefore, is dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.