IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN HART | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 13-cv-6661 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

<u>MEMORANDUM</u>

SCHMEHL, J.    /s/ JLS                                                         March 1, 2018

*Pro se* plaintiff John Hart brings this action under 42 U.S.C. §1983. He alleges violations of his constitutional rights by a multitude of defendants while incarcerated at the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia. Presently before the Court is the motion for summary judgment by the lone remaining defendant Corizon Health Services, Inc. ("Corizon"). Corizon is a private company utilized by the Philadelphia Prison System to provide medical care to its inmates. For the reasons that follow, the motion is granted.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the

1

litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 268 (3d Cir. 2010) (citing *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

In his Second Amended Complaint, Plaintiff alleges the following relative to medical care while an inmate of CFCF:

> a. "As a result of a lack of food provided by Defendant Aramark, Plaintiff submitted sick call slips to . . . [Corizon] . . . in December 2011 to be seen for the injuries that he suffered, but Plaintiff was never seen or evaluated . . . . (ECF 52, ¶ 35);
>
> b. "Plaintiff was denied medical treatment for his asthma and degenerative disc disorder" after being transferred to the intake unit of CFCF in May 2012. (*Id.*, ¶ 38).
>
> c. "Plaintiff submitted two (2) grievances in June of 2012 . . . regarding [failure to receive] adequate medical treatment . . . ." (*Id.*, ¶ 42).
>
> c. "[B]etween February and April of 2013, Plaintiff submitted requests to be seen by Defendant Corizon for the medical problems he was experiencing with his skin condition but received no response to these

**2**

requests . . ." and his request to "import" lotion to treat the condition was denied by Warden Lawton. (*Id.*, ¶ 51).

d.      Corizon employee Dr. James Arnone canceled a prescription for Plaintiff's skin condition that had been ordered by Corizon physician Dr. Evangelista "without seeing Plaintiff or evaluating Plaintiffs skin condition." (*Id.*, ¶ 53).

Plaintiff further alleges that Corizon "acted pursuant to a policy, practice, or custom . . .which encourages its employees to cut costs for medical services and medication in order to increase Defendant Corizon's profit margin." (*Id.*, ¶ 97). Plaintiff further alleges that this custom, policy or practice "placed at risk of serious harm by not providing him with proper medical care and medications…." (*Id.*, ¶ 98).

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the 'unnecessary and wanton infliction of pain.'" *Hamilton v. Leavy,* 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Accordingly, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). The prohibition against cruel and unusual punishment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). To establish an inadequate medical treatment claim under the Eighth Amendment, Plaintiff must show: (1) that the Defendants were deliberately indifferent to his medical needs; and (2) that those needs were serious. See *id.* (citing *Estelle*, 429 U.S. at 106).

3

The Court has already dismissed plaintiff's claims against Corizon employee Dr. James Arnone on the basis that Plaintiff had failed to adequately show a serious medical need and deliberate indifference to any serious medical need by Dr. Arnone. [ECF 84].

To the extent Plaintiff has any remaining claim against defendant Corizon, any claim against Corizon is analyzed under the standard for municipal liability set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). See *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (analyzing a Section 1983 claim against a private corporation providing medical care in prisons under Monell). Generally, a municipality will not be held liable under the doctrine of respondeat superior for the misconduct of its employees. See *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, a municipality can only be liable under Section 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom. See *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658). "In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Andrews*, 895 F.2d at 1480).

Plaintiff merely alleges in conclusory fashion that he believes that Corizon has a policy or custom of cutting costs to maintain its profit margins and from there speculates that this alleged policy is the reason Dr. Arnone stopped Plaintiff's treatment for his skin condition. Plaintiff additionally fails to allege who the policymaker is for Corizon. In the absence of proof of an actual existence of a policy or custom and the identification of a

policymaker, Corizon is entitled to summary judgment. See, e.g., *Hope v. Fair Acres Geriatric Ctr.*, No. 15-06749, 2016 WL 1223063, at *6 (E.D. Pa. Mar. 29, 2016) (dismissing Monell claim where plaintiff failed to identify a policymaker); *Buoniconti v. City of Philadelphia*, No. 15-3787, 2015 WL 8007438, at *16 (E.D. Pa. Dec. 7, 2015) (dismissing Monell claim where plaintiff failed to identify a policy or custom**).**